*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re HAMBRICK, Minors.

UNPUBLISHED
July 25, 2019

No. 346853
Wayne Circuit Court
Family Division
LC No. 16-522243-NA

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Respondent father (hereinafter "respondent") appeals as of right the order terminating his parental rights to JMH under MCL 712A.19b(3)(a)(*ii*), MCL 712A.19b(3)(c)(*i*), and MCL 712A.19b(3)(j).[1] Because the trial court did not err in finding the existence of statutory grounds to terminate respondent's parental rights, and that termination of respondent's parental rights was in JMH's best interests, we affirm.

JMH was born on February 21, 2016, and, from the moment of birth, was never permitted to go home with respondent for a variety of reasons. Most significantly, respondent had been convicted of physically abusing JMH's older brother JH. JMH was also prohibited from going home with respondent because respondent's house was not suitable: there were piles of food and garbage throughout the house, the house was heated by a stove, there was no running water in the kitchen, respondent had no provisions for JMH, and respondent had engaged in domestic violence with the child's mother. The trial court took jurisdiction over the child in June of 2016 and required that respondent participate in specific services with a goal of reunification with JMH. After respondent repeatedly failed to show improvement with his service plan, the trial court asked the Department of Health and Human Services (DHHS) to file a supplemental petition seeking permanent custody of JMH. This supplemental petition, filed in April of 2018,

---

[1] Respondent's parental rights to his other child were initially included in these proceedings but, because that child was placed in a guardianship with a relative, respondent's parental rights with respect to that child were not terminated.

was then authorized, and respondent's parental rights were eventually terminated in October of 2018. Respondent now appeals the order terminating his parental rights to JMH.

Defendant first argues that the trial court erred by finding that statutory grounds to terminate respondent's parental rights were established by clear and convincing evidence. We disagree.

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). This Court "reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709-710; 846 NW2d 61 (2014). A finding is clearly erroneous if, while there is evidence to support it, this Court is nonetheless left with a definite and firm conviction that a mistake has been made. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011); MCR 2.613(C). In reviewing the trial court's determination, this Court gives due regard to the unique opportunity of the trial court to judge the credibility of those witnesses who appeared before it. *In re Ellis*, 294 Mich App at 33. *Id*.

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *In re Ellis*, 294 Mich App at 32. Here, the trial court found three statutory grounds to terminate respondent's parental rights, MCL 712A.19b(3)(a)(*ii*), (c)(*i*) and (c)(j). MCL 712A.19b(3) authorizes a trial court to terminate parental rights if it finds that any of the following exist:

(a) The child has been deserted under . . . the following circumstances:

* * *

(*ii*) The child's parent has deserted the child for 91 or more days and has not sought custody of the child during that period.

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

With respect to the first ground for termination, a parent's failure to support or contact his or her children is sufficient for a trial court to find statutory grounds to terminate the parent's parental rights under MCL 712A.19b(3)(a)(*ii*). *In re Laster*, 303 Mich App 485, 492; 845 NW2d 540 (2013). Respondent argues that the time he spent in jail should not count toward the 91 days of desertion, and that only evidence from before the date the supplemental petition was authorized should be considered when determining whether respondent deserted JMH. Respondent, however, has failed to provide any caselaw or authority to support these arguments. Accordingly, respondent's arguments, that he could not desert JMH while he was in jail and that only evidence from before the date the supplemental petition was authorized should be considered, are abandoned. *MOSES Inc v SEMCOG*, 270 Mich App 401, 417; 716 NW2d 278 (2006) ("If a party fails to adequately brief a position, or support a claim with authority, it is abandoned.").

A statutory basis to terminate parental rights under MCL 712A.19b(3)(c)(*i*) exists "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services . . . ." *In re White*, 303 Mich App at 710 (alteration in original; citation and quotation marks omitted). The initial petition alleged that respondent did not have a suitable home and that he had physically abused JH. At the time of the October 15, 2018 termination hearing, foster care workers had never found that respondent's home was suitable. Where he was living was, in fact, often unknown. While no testimony indicated that respondent had physically abused JMH as he had physically abused JH[2], respondent had never resided with JMH as he had with JH, and his parenting time with JMH was supervised.

In addition, the testimony established that respondent was offered extensive services, including family and individual counseling, and specialized parenting classes. Respondent failed to complete his individual or family counseling and, according to Marquisa Shannon (Shannon), the foster care worker assigned to JMH, respondent did not benefit from his specialized parenting classes. Accordingly, the conditions that led to JMH being taken from respondent's care continued to exist, despite respondent being offered services for over two years. Thus, the trial court did not err in terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*).

When examining MCL 712A.19b(3)(j), this Court has held that "a parent's failure to comply with the terms and conditions of his or her service plan is evidence that the child will be harmed if returned to the parent's home." *In re White*, 303 Mich App at 711. Respondent argues that, under *In re Hicks*, 315 Mich App 251; 890 NW2d 696 (2016), aff'd in part, vacated in part sub nom *In re Hicks/Brown*, 500 Mich 79; 893 NW2d 637 (2017), he should have been given additional time to benefit from services because he is mentally disabled. In *In re Hicks*, this Court held that mentally disabled parents should be given services that are modified or adjusted "to allow the parent an opportunity to benefit equally to a nondisabled parent." *Id*. at 282. Similarly, in *In re Hicks/Brown*, 500 Mich 79, 90; 893 NW2d 637 (2017), our Supreme Court held that when a parent is mentally disabled, efforts at reunification are "reasonable under the

---

[2] Respondent was criminally charged and convicted of child abuse with respect to JH.

Probate Code [if] the Department modifies its services as reasonably necessary to accommodate a parent's disability." Additional *time* to comply with reunifications services should be given to mentally disabled parents "if there is a delay in providing the parent reasonably accommodated services or if the evidence supports that the parent could safely care for his or her children within a reasonable time given a reasonable extension of the services period." *In re Hicks*, 315 Mich App at 282.

Respondent was offered extensive services, including family and individual counseling and specialized parenting classes. These services, specifically his specialized parenting classes, were designed to accommodate respondent's mental deficiencies. Respondent failed to complete his individual or family counseling and, according to CPS worker Shannon, did not benefit from his specialized parenting classes. According to Shannon, after respondent completed the parenting classes, he engaged in domestic violence with the child's mother and, after December 4, 2017, did not come to visit JMH or call. Additionally, respondent was repeatedly told that he needed to find suitable housing, but foster care workers were never able to verify that respondent had suitable housing, or where, in fact, he resided. As such, respondent failed to comply with the terms of his service plan. Affording respondent additional time would be unlikely to correct the deficiencies in performance of his service plan. Thus, the trial court did not err by terminating respondent's parental rights under MCL 712A.19b(3)(j).

Respondent next argues that the trial court erred by finding that terminating respondent's parental rights was in JMH's best interests. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. The trial court's ruling regarding best interests are reviewed for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. In considering the child's best interests, the trial court's focus must be on the child and not the parent. *In re Moss*, 301 Mich App at 87. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. When the trial court makes its best interests determination, it may rely upon evidence on the entire record, including the evidence establishing the statutory grounds for termination. *In re Trejo*, 462 Mich 341, 353-354; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *In re Moss*, 301 Mich App at 83. Under the doctrine of anticipatory neglect, "[h]ow a parent treats one child is certainly probative of how that parent may treat other children." *In re LaFrance Minors*, 306 Mich App 713, 730; 858 NW2d 143 (2014) (alteration in original; quotation marks and citation omitted).

The trial court found that respondent failed to complete or benefit from family counseling or to maintain stable, suitable housing. The trial court additionally found that respondent failed to visit, support, contact, or plan for JMH, and that he failed to "substantially and consistently comply with the case plan or make sufficient progress to allow the child to be returned safely home." Finally, the trial court found that respondent did not have a bond with JMH, had not seen JMH since November of 2017, that respondent put his needs above JMH's needs, and that respondent was not in a position to care for JMH.

The record supports each of the trial court's findings. At the time of the final termination hearing on October 15, 2018, respondent had not visited JMH since November or December of 2017. In that time, respondent also failed to call JMH on the telephone or provide any financial support. Shannon testified that during the prior visits respondent did have with JMH, he did not engage or interact with the JMH and had no bond with the child. Additionally, while respondent did state that he had a plan to care for JMH if the child was returned to his care, respondent also stated that this plan would rely on friends and family to provide and care for JMH, and that he only had $40 in savings. Finally, respondent physically abused JH in the past and, under the doctrine of anticipatory neglect, his physical abuse of JH is probative of how he may treat JMH in the future. See, *In re LaFrance Minors*, 306 Mich App at 730. Thus, the trial court did not err in finding that termination of respondent's parental rights was in JMH's best interests.

Finally, respondent also argues that the trial court erred by failing to consider a guardianship for JMH instead of termination. "[T]he appointment of a guardian is only appropriate after the court has made a finding that the child cannot be safely returned to the home, yet initiating termination of parental rights is clearly not in the child's best interests." *In re TK*, 306 Mich App 698, 707; 859 NW2d 208 (2014), citing MCL 712A.19a(7). Even after making this finding, however, a trial court may only appoint a guardian if "it is in the child's best interests to appoint a guardian." *Id*. (citations omitted). A guardianship may be appropriate when "an ongoing relationship with [the parent]—rather than termination—is in the children's best interests." *In re Mason*, 486 Mich 142, 168-169; 782 NW2d 747 (2010). Respondent failed to contact or support JMH from November or December of 2017 to the date his parental rights were terminated (in October of 2018). He also did not have a bond with JMH and had not benefitted from parenting classes. Appointing a guardian for JMH would have prevented the child from obtaining the permanency and stability that terminating respondent's parental rights provides; it also would have preserved respondent's parental rights despite his failure to benefit from the services provided to him, his lack of a bond with JMH, and the potential that respondent may abuse JMH, as he did his other child. As such, a guardianship was not in JMH's best interests and the trial court did not err by terminating respondent's parental rights.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford

-5-